**978 SUTHERLAND vs. THE GOVERNOR, 29 M., 320.**

To compel the issuance of a certificate, showing that the Portage Lake & Lake Superior Ship Canal and Harbor had been con-

structed in conformity with the acts of congress, making a grant for the same, and the acts of the legislature of this State.

Denied May 12, 1874.

Held, that the governor of the State, as to the exercise of the authority conferred upon him, is not subject to coercion by judicial process.

In addition to authorities cited in the notes to the reported case, see Hovey (Governor) vs. Shuck, 11 L. R. A. (Ind.), 763 and notes; Robb vs. Stone (Governor), 23 L. R. A. (Mo.), 194; Cromelian vs. Boyd, 26 Neb., 181; Territorial Insane Asylum vs. Woldley (Ariz.), 8 L. R. A., 188; Greenwood Cemetery Land Co. vs. Routt, 17 Colo., 156.

In the last case the governor was a member of the Board of Land Commissioners and the duty devolved upon that board, and the court while recognizing the general rule laid down in other cases, held that an act of the governor, as to which he has no discretion, in the exercise of some power neither political nor essentially governmental, but specially enjoined upon him, may be compelled by mandamus, when he refuses to perform such act, and by his refusal a party is deprived of his property or other legal right without any plain, speedy and adequate remedy in the ordinary course of law.